UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| LEONARD E. SIMMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-43-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Leonard E. Simms ("Simms"), an individual incarcerated in the Eastern Kentucky Correctional Complex in West Liberty, Kentucky ("EKCC"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5 filing fee. [R. 9]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Simms is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.   FACTUAL BACKGROUND**

In late 2002, Simms was taken into custody by law enforcement officers in Kentucky and was subsequently charged with robbery and drug crimes. Before resolution of those charges, on October

17, 2002, he was delivered into federal custody pursuant to a writ of habeas corpus *ad prosequendum* to answer federal drug charges in Missouri. On February 4, 2003, pursuant to a written plea agreement, Simms plead guilty to distribution of cocaine base and distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841. On August 28, 2003, he was sentenced to a 120-month term of incarceration. At the sentencing hearing, the federal trial judge was made aware of the criminal charges pending in Kentucky, as well as additional charges pending in Indiana. With respect to those charges, the judge indicated on the record:

> ... they are separate offenses and if the judges in those cases choose to run them concurrently that will be their decision. I will impose my sentence without comment whether it's concurrent or consecutive.

*United States v. Simms*, 02-CR-227, Western District of Missouri [R. 54, 95 therein].

Simms was then returned to Kentucky custody to face prosecution on the state charges. On September 15, 2003, the United States Marshal served a detainer on the Kentucky Department of Corrections advising it of the federal sentence and requesting that Simms be released into federal custody at the conclusion of any state sentence.

On December 2, 2003, the Jefferson Circuit Court imposed a combined 15 year sentence on Simms for three counts of first degree robbery, possession of a controlled substance, and operating a motor vehicle without an operator's license. *Commonwealth v. Simms*, 02-CR-002381, Jefferson Circuit Court. The sentencing judge in the state court was made aware of the pre-existing federal sentence at the sentencing hearing, and indicated that the state sentence should run "concurrently with the federal time Defendant is now serving."

After that sentence was imposed, Simms was placed in KDOC custody and began serving his state sentence. Simms' Kentucky public defender assured him in a February 6, 2004, letter that his federal and state sentences would be served concurrently. Later that year, however, Simms became

concerned that this was not correct. Simms wrote a letter to the United States Marshal requesting that he be transferred to federal custody to commence service of his federal sentence, but he did not receive any response. On June 15, 2004, Simms filed a Rule 35 motion in the Missouri federal court asking that the two sentences be ordered to run concurrently, but that motion was denied for lack of jurisdiction on July 20, 2004. *Simms*, 02-CR-227 [R. 114, 116 therein]

On September 3, 2004, Simms wrote a letter to the federal Bureau of Prisons ("BOP") North Central Regional Office ("NCRO") asking that the Kentucky prison be designated as the "place of confinement" under 18 U.S.C. § 3621(b) for service of his federal sentence under the authority of *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1995). While NCRO's geographic jurisdiction included Missouri, the state where his federal sentence was imposed, on September 9, 2004 NCRO advised Simms by letter that it had forwarded his request to the Mid-Atlantic Regional Office ("MARO"), whose geographic jurisdiction included Kentucky, the state where Simms was incarcerated by the Commonwealth of Kentucky.

Simms received no response from the BOP until approximately one and a half years later. On February 23, 2006, Jill Webber of Regional Correctional Programs in MARO rejected Simms's request for retroactive designation under *Barden* and BOP Program Statement 5160.05, and on February 27, 2006, Michael W. Boram, Acting Administrator of the Correctional Programs Branch, reiterated the denial.

On May 24, 2006, Simms filed a motion to modify his sentence in the Missouri federal court. In its June 26, 2006, opposition, the United States expressed its view that the appropriate method for Simms to pursue relief was to file a Section 2241 petition in the district of his incarceration challenging the BOP's "execution" of his sentence. In doing so, the United States noted:

Prior to the filing of a § 2241 motion, Simms must likely exhaust his administrative

> remedies. There are administrative remedy processes within the Bureau of Prisons (hereafter "BOP") which do aid in the resolution of the issue of consecutive / concurrent time between state and federal facilities. ***Because Simms is not in the BOP system nor does it appear that he was ever in the system, he cannot avail himself of many of those options.*** However, it appears that a request for an administrative *nunc pro tunc* designation of his state facility as a federal facility from BOP is still possible, and may be considered if Simms makes the proper request. 18 U.S.C. § 3621(b).

*Simms*, 02-CR-227 [R. 121 therein (emphasis added)] Although Simms had already sought such relief in his September 3, 2004 letter to the BOP, he did not state this fact in his motion, and for reasons not clear in the record, the United States was seemingly unaware of it. The sentencing court denied his motion on jurisdictional grounds on August 23, 2006, and directed Simms to raise his claims in a Section 2241 petition in the judicial district of his incarceration. [R. 123 therein]

Simms waited 18 months before taking any further action. On March 10, 2008, instead of following the direction provided by the United States and the sentencing court, he filed a motion in the sentencing court under 28 U.S.C. § 2255 to correct his sentence to reflect that it should run concurrently with his state sentence. On March 13, 2008, the Court *sua sponte* re-characterized his motion as a habeas corpus petition under Section 2241, and transferred it to this Court pursuant to *Braden v. Kentucky*, 410 U.S. 484, 495 (1973).

## II. DISCUSSION

The relief ultimately sought by Simms is to have the time he spent in service of his Kentucky sentence credited towards his previously-imposed but subsequently-commenced federal sentence. While the record indicates that the Jefferson Circuit Court clearly intended the two sentences to run concurrently, "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, [but] this intent is not binding on federal courts or the BOP." *United States v. Allen*, 2005 WL 332413, **2 (3d Cir. 2005) (*citing Barden v. Keohane*, 921

F.2d 476 (3d Cir. 1990)). Simms's assertion that the federal court also intended the sentences to run concurrently is refuted by the transcript of the August 28, 2003, sentencing hearing, and subsequent rulings by that Court. While Simms sought to give practical effect to the Jefferson Circuit Court's judgment by seeking relief from the Western District of Missouri by letter, Rule 35 motion, and Section 2255 motion, that Court correctly determined that Simms's sole avenue of relief was through a habeas corpus petition filed under Section 2241. The Court agrees, but concludes that habeas relief is unavailable until such time as Simms was returned to federal custody. Having determined that Simms has now been transferred into federal custody to serve his federal sentence, the Court will transfer the petition to the court having jurisdiction over his federal custodian.

Some historical and practical perspective may assist Simms in making sense of the proceedings which have occurred during his sentencing and his subsequent efforts to clarify his obligations under his state and federal sentences. When an individual violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, which entitles that sovereign to require the defendant to serve his criminal sentence imposed by it first. *Ponzi v. Fessenden*, 258 U.S. 254 (1922). This primary custody is not relinquished until the sovereign dismisses the charges or releases the defendant upon service of the sentence imposed or to parole. *Berry v. Sullivan*, 2007 WL 4570315, **2 (D.N.J. 2007). In Simms's case, Kentucky obtained primary jurisdiction over him when it arrested him first, and he was therefore required to serve his Kentucky sentence first before Kentucky could cede jurisdiction over him to the United States for service of his federal sentence.

While the Kentucky charges against Simms remained pending, he was temporarily transferred to federal custody to face federal criminal charges. This temporary transfer of a defendant into the custody of another sovereign pursuant to a writ of habeas corpus *ad prosequendum* does not cause the

first sovereign to relinquish primary custody. *See, e.g.,* BOP Program Statement 5880.28 Ch. 1.3 at pgs. 12-13.

Here, Simms was both convicted and sentenced in federal court before he was either convicted of the Kentucky charges or sentenced by the Jefferson Circuit Court. In such instances, it is customary for the judge imposing the first sentence to make no determination regarding whether the sentence imposed should run consecutively with or concurrent to another sentence which has not yet been imposed by another court. *See, e.g., State v. Stafford*, Minn.App., 368 N.W.2d 364, 366 (1985) ("The option of consecutive sentencing should be reserved to the judge last sentencing the defendant, who is in the better position to determine whether consecutive sentencing is justified."); *State v. Reed*, Kan., 703 P.2d 756, 759 (1985) ("A trial court has no authority to direct a sentence to run consecutively to a nonexisting sentence which might thereafter be imposed in a pending case."). Indeed, the Sixth Circuit has held that a federal sentencing court has no power to impose a sentence consecutive to an as-yet-unimposed state sentence. *United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998). Further, employing the reasoning of *Quintero* to the statutory language of 18 U.S.C. § 3584(a) would also seem to foreclose a sentencing court from ordering a federal sentence to run *concurrently* with an as-yet-unimposed state sentence, and the *Quintero* court noted two unpublished decisions which had so held. *Quintero*, 157 F.3d at 1040 n.1 (*citing United States v. Means*, 1997 WL 584259, at *2 (6th Cir. 1997) and *United States v. Abro*, 1997 WL 345736 (6th Cir. 1997)).

After his federal sentence was imposed, Simms was then returned to Kentucky custody, where the Jefferson Circuit Court imposed its sentence, and directed that it should be served "concurrently with the federal time Defendant is now serving." The difficulty, of course, was that while Simms's federal sentence had been imposed, he was not "serving" that sentence. Federal law

is clear that a federal sentence does not commence until "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

The problem faced by Simms is not an unusual one. Where the state possesses primary custody over a criminal defendant but does not sentence him until after a federal sentence is imposed, the "primary custody" doctrine prevents the federal court from ordering the sentence to commence until the state sentence is completed, and Section 3584 does not authorize the federal court to order the federal sentence to run concurrently with an as-yet imposed state sentence. The authority of the state court is similarly circumscribed: while the state court possesses the authority to order the *state sentence* to *run* concurrently with the existing federal sentence, it has no power to thereby cause the federal sentence to *commence* until the state sentence has expired. 18 U.S.C. § 3585(a); *Allen*, 2005 WL 332413 at **2. The result of the interaction between these rules is to render the state court's expressed desire to have its sentence run concurrently with a pre-existing federal sentence unenforceable and devoid of any practical effect. This practice, where a sovereign with only secondary jurisdiction proceeds with conviction and sentencing before the jurisdiction with primary custody over the defendant convicts and sentences the defendant, therefore causes an unforeseen and frequently unrecognized conflict between established legal principles and the expectations of litigants and courts alike, as evidenced by the Jefferson Circuit Court's judgment and the February 6, 2004, letter from Simms's Kentucky public defender.

The problem is not without a remedy, although it is a limited one. Recognizing the difficulties presented in the situation described above, in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991), the Third Circuit held that the BOP's authority under 18 U.S.C. § 3621(b) to designate the penal institution where a federal prisoner will serve his federal sentence includes the authority to

designate, *nunc pro tunc* (or "after the fact"), the state prison where the defendant had been serving his state sentence as the place where he was serving his federal sentence. *Barden*, 921 F.2d at 480. The practical effect of such a designation is to grant the federal prisoner credit against his federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently. The BOP has accepted the rule of *Barden* and set forth the factors to be considered in determining whether to make such a designation in Program Statement 5160.05.

As noted above, Simms sought such relief from the BOP in 2004 while still in state custody, which the BOP denied in two letters in February 2006. The BOP's denial of Simms's request, made before he was even in federal custody, is somewhat unusual, as "under normal circumstances, the BOP does not determine whether to give a prisoner [*Barden*] credit until the prisoner is actually taken into federal custody." *Berry v. Sullivan*, 2007 WL 4570315, **5 n.4 (D.N.J. 2007). Having denied that request, however, Simms may, as the Western District of Missouri recognized, challenge that denial as an abuse of discretion through a writ of habeas corpus under Section 2241. *Barden*, 921 F.2d at 478-79.

Nonetheless, the Court concludes that it cannot reach the merits of Simms's petition. There is no question that Simms may challenge the BOP's refusal to make a *Barden* designation through a Section 2241 habeas petition. However, it appears that neither this court nor any other federal court could possess jurisdiction to entertain a petition for habeas relief under Section 2241 until Simms was delivered into federal custody. Section 2241 petitions may be used to challenge the BOP's calculations regarding the length of a federal prisoner's sentence. Indeed,

> The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated, and naming the warden of the federal facility as a respondent.

*United States v. Allen*, 2005 WL 332413, **2 (3d Cir. 2005). The warden of the federal facility where the petitioner is incarcerated is named as the respondent because he or she is the legal custodian of the petitioner, and the only individual with the legal authority to effectuate any change ordered by the reviewing court. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

However, permitting such a challenge prior to the prisoner's receipt into federal custody presents significant jurisdictional and venue problems. The Court's Section 2241 habeas jurisdiction is limited to challenges to the BOP's implementation or calculation of a federal prisoner's sentence. However, the BOP cannot be said to be implementing or executing a prisoner's sentence until that prisoner is received into federal custody to "commence" his or her federal sentence within the meaning of 18 U.S.C. § 3585(a). Until that time, the BOP has yet to make any firm or binding determinations regarding the circumstances of the prisoner's confinement.

Even if this were not so, habeas jurisdiction to challenge the BOP's actions would not exist until the prisoner was transferred into federal custody, as "[a]bsent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) (no habeas jurisdiction exists to challenge INS detainer filed with federal prison, which merely notified federal prison officials that INS would make a decision regarding petitioner's status at some future date). Because Simms was not in federal custody when he filed his petition in this case, the Court lacks habeas jurisdiction to entertain it. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (federal habeas statute requires that petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed.") (*quoting Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).[1]

---

[1] While the *Maleng* Court noted that habeas jurisdiction exists to challenge "future confinement" under *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89

This conclusion is also consistent with the rule of *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), which requires that a habeas corpus petition be directed to the warden of the federal facility where the petitioner is incarcerated. 28 U.S.C. § 2242. When Simms filed his petition, he was incarcerated in a Kentucky state prison. Therefore there was no federal respondent in Kentucky who possessed legal custody over Simms to whom the petition could be directed. Nor would directing the petition to the state warden serve any purpose, as that individual manifestly lacked the authority to change the manner in which the BOP was implementing Simms's as-yet-uncommenced federal sentence.

Were Simms still confined in a Kentucky state prison, the Court's lack of habeas jurisdiction would require dismissal of the petition as prematurely brought. However, the Court's review of the Bureau of Prisons' Inmate Locator Database indicates that Simms has been taken into federal custody and placed in the United States Penitentiary in Pollock, Louisiana. Under such circumstances, 28 U.S.C. § 1631 permits the Court to cure a jurisdictional defect by transferring the action to a court which possesses jurisdiction over the action if the interests of justice so warrant. Based upon that authority, the Court concludes that the best course is to transfer this action to this action to the Western District of Louisiana, Alexandria Division for all further proceedings.

III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

---

(1973) and *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), in *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990), the Sixth Circuit explained that the "future confinement" being challenged in those cases involved continued physical confinement, and did not apply outside that context. Here, Simms does not challenge the ***validity*** of his federal conviction, but merely the BOP's future execution of the resulting federal sentence. Because success in Simms's petition would not result in him being relieved from his future confinement, but merely a recalculation of its duration, the Court concludes that it is not a challenge to "future confinement" of the kind contemplated by *Peyton*.

1. The Clerk of the Court shall update Petitioner Simms's address to:

   Leonard E. Simms
   Inmate Register #15549-045
   USP Pollack
   U.S. Penitentiary
   P.O. Box 2099
   Pollack, LA  71467

2. This matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Alexandria Division.

3. This matter is **CLOSED** and shall be **STRICKEN** from the active docket of the Court.

This September 18, 2009.

