IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

RECEIVED
IN ALEXANDRIA, LA

DEC 29 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARD E. SIMMS, <br> Petitioner | CIVIL ACTION <br> SECTION "P" <br> NO. 09-CV-01665 |
| VERSUS | |
| UNITED STATES OF AMERICA, <br> Respondent | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Leonard E. Simms ("Simms") on March 10, 2008 (Doc. 1).[1] That motion is actually an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and was so construed by the Missouri court in which Simms initially filed it, as explained below. Simms is contesting the manner in which his 92 month sentence[2] is being carried out by the Bureau of Prisons ("BOP"). Simms' sentence was imposed in 2003

---

[1] USA v. Simms, 4:02-cr-00227-ODS.

[2] Simms' was originally sentenced to 120 months, but that sentence was reduced to 92 months pursuant to a motion to reduce his crack cocaine sentence under 18 U.S.C. § 3582(c)(2).

in the United States District Court for the Western District of Missouri in Kansas City, Missouri, on convictions for distribution of cocaine base and distribution of five grams or more of cocaine base.

Simms contends the federal district judge who imposed the sentence stated he would allow the Kentucky state judge, before whom Simms was going to subsequently appear on state charges, to decide whether the federal and state sentences would run concurrently or consecutively. Simms contends that, since the federal judge expressly refused to stipulate whether his federal sentence would run consecutively or concurrently to his subsequently imposed state sentence, the Bureau of Prison interpreted his federal sentence as running consecutively to the state sentence. Simms contends the state sentencing judge imposed his state sentence to run concurrently with his federal sentence, but the Bureau of Prisons refused to take custody of Simms until after Simms had finished serving his state sentence.

Simms filed a prior Section 2255 motion in Missouri, which the court found was actually a writ application filed pursuant to 28 U.S.C. § 2241 and transferred it to Kentucky (where Simms was confined), <u>Simms v. U.S.A.</u>, 4:08-cv-00177-ODS. (EDKY08-43) In that case, <u>Simms v. U.S.A.</u>, 0:08-cv-00043-HRW, Simms raised the same arguments that he does here. In that case, the Kentucky court held that it did not have jurisdiction to rule on the case because

2

Simms was not in federal custody when he filed his petition; therefore the case was premature. The Kentucky court further noted that, since filing his petition, Simms had been taken into federal custody and was incarcerated in the United States Penitentiary in Pollock, Louisiana. Simms' case was then transferred to this court.

The Respondent argued that Simms's habeas petition should be dismissed because he had not exhausted his administrative remedies with the BOP. The undersigned issued a Report and Recommendation that Simms' habeas petition be dismissed without prejudice to Simms' right to file a new petition in this court after he exhausted his administrative remedies with the Bureau of Prisons (Doc. 26). In response, Simms filed an objection (Doc. 27), showing he had fully exhausted his administrative remedies on May 26, 2010, *after* he filed his March 10, 2008 habeas petition.

Federal regulations afford federal prisoners administrative review of the computation of their sentences, see 28 CFR §§ 542.10-542.16 (1990), and prisoners may seek judicial review of those computations after exhausting their administrative remedies. U.S. v. Wilson, 503 U.S. 329, 335-336, 112 S.Ct. 1351, 1355 (1992), and cases cited therein. However, there is no statutory exhaustion requirement for Section 2241 habeas petitions and, although case law has imposed an exhaustion requirement, it is not jurisdictional. See Mayberry v. Pettiford, 74 Fed.Appx. 299, 2003 WL 21635306 (5th Cir. 2003). Therefore, this court will now

consider Simm's habeas petition.

## Summary of Pertinent Facts

The following time line outlines the events in this case as gleaned from the pleadings, exhibits, and Bureau of Prison responses to Simms' administrative remedies:

| | |
|---|---|
| September 15, 2002 | Simms arrested in Kentucky on drug and robbery charges; Simms transferred to federal custody pursuant to a writ of habeas corpus. |
| August 29, 2003 | Simms sentenced in U.S. District Court in the W.D. Missouri to 120 months imprisonment for drug offense convictions, to run as specified by the state court with the subsequently imposed state sentences;[3] Subsequent reduction of sentence of 92 months under revised sentencing guidelines for crack cocaine offenses; |

---

[3] The following colloquy took place at Simms' sentencing in federal court in Missouri (Doc. 1, Ex.):
"[THE COURT}...And there's some charges in Kentucky.
"DEFENDANT SIMMS: Yes, sir. ...
"THE COURT: First degree robbery, first degree robbery, first degree robbery, possession of controlled substance and operating a motor vehicle without an operator's license. Ane then evidently charges pending in Indiana.
"DEFENDANT SIMMS: Yes.
"THS COURT: Robbery first degree and those charges are pending at this time.
"DEFENDANT SIMMS: Yes, sir.
"THE COURT: Mr. Simms, I think I'm going to leave it to the judges presiding in those cases as to whether this sentence will run concurrent with or consecutive to those charges. While they are evidently associated with you addiction to crack cocaine, they are separate offenses and if the judge in those cases choose to run them concurrently that will be their decision. I will impose my sentence without comment whether it's concurrent or consecutive."

| | |
|---|---|
| | Simms returned to Kentucky state custody. |
| September 15, 2003 | Federal detainer issued for Simms. |
| December 1, 2003 | Simms sentenced to 15 years imprisonment in Kentucky state court for robbery and a drug offense to run concurrent to his federal sentence. |
| June 29, 2009 | Simms paroled on his Kentucky state sentence and transferred to federal custody to commence his federal sentence. |

Law and Analysis

Simms contends the Bureau of prisons ("BOP") erred in computing his federal sentence to run consecutive to his state sentence, despite the fact that the state judge imposed the state sentence to run concurrent to his federal sentence. The BOP denied Simms' request for a nunc pro tunc designation[4] of his Kentucky state prison for concurrent service of his federal sentence (in order to grant him credit on his federal sentence for time spent in state custody beginning in 2003), finding that would not be consistent with the intent of the federal sentencing judge.

It is a well-settled precept that a determination as to concurrence of sentence made by one sovereign does not bind the other. Jake v. Herschberger, 173 F.3d 1059, 1065-1066 (7th Cir. 1999). See also, U.S. v. Custard, 230 F.3d 1360, 2000 WL 1290338

---

[4] The Latin phrase nunc pro tunc describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect--a Latin term meaning literally, "now for then." An act nunc pro tunc is an "entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake." Barden v. Keohane, 921 F.2d 476, 477 (3d Cir. 1990), citing Black's Law Dictionary at 964 (5th ed. 1979).

5

(6th Cir. 2000); Mikus v. Haro, 205 F.3d 1351, 1999 WL 1206618 (9th Cir. 1999). Under the dual sovereignty doctrine, a criminal defendant owes a debt to two (or more) separate sovereigns, each of which may exact payment independently of the other. Heath v. Alabama, 474 U.S. 82, 88-93, 106 S.Ct. 433 (1985). Also, Ponzi v. Fessenden, 258 U.S. 254, 259, 42 S.Ct. 309 (1922). The tenet for dual sovereignty purposes is that each sovereign must respect not only the sentencing authority of the other, but also the sentence. U.S. v. Ballard, 6 F.3d 1502, 1509 (11th Cir. 1993) (imposing federal sentence consecutive to state sentence).

In Simms' case, the federal judge was silent as to whether Simms' federal sentence would run consecutive of concurrent with his subsequently imposed state sentence.[5] The Fifth Circuit, within whose jurisdiction Simms is presently incarcerated, holds that a federal sentence can be imposed to run concurrent with a future state sentence.[6] United States v. Hernandez, 234 F.3d 252,

---

[5] The federal judge in Simms' case attempted to defer to the state judge's sentencing discretion on the issue of whether the sentences would run concurrent or consecutive. However, the undersigned has not found any provision which permits a federal judge to transfer his sentencing discretion to a state judge. The BOP correctly noted only that Simms' federal judgment and commitment order was silent as to the service of his federal sentence.

[6] While the courts agree that a federal sentence can be imposed to run concurrent with a preexisting state sentence pursuant to the plain language of 18 U.S.C. § 3584(a), the circuits are split as to whether a federal judge can impose a federal sentence to run concurrent with a state sentence that has not yet been imposed. See Romandine v. U.S., 206 F.3d 731 (7th

256 (5th Cir. 2000)("Since, under our precedent, the district court may order that a federal sentence run concurrent with a forthcoming state sentence, a consecutive sentence is not a necessary consequence of § 3584's application."), citing Brown, 920 F.2d at 1217, and Williams, 46 F.3d at 58-59. Also, U.S. v. Setser, 607 F.3d 128, 131 n. 1 (5th Cir. 2010), pet. for cert. filed (Nov. 2, 2010); United States v. Esquivel, 78 Fed. Appx. 964, 2003 WL 22430514 (5th Cir. 2003).

However, if a federal district judge does not specify whether a federal sentence is imposed concurrently or consecutively with any other sentence, it is presumed to run consecutively. 18 U.S.C. § 3584(a)(multiple terms of imprisonment imposed at different times run consecutively unless the court *orders* that the terms are to run concurrently); Hunter v. Tamez, 622 F.3d 427, 431 (5th Cir. 2010); Free v. Miles, 333 F.3d 550, 552 (5th Cir. 2003). The plain meaning of Section 3584 is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court *affirmatively orders* that the terms be served concurrently. U.S. v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. den., 516 U.S. 826, 116 S.Ct. 92 (1995). Also, Galloway v. Warden, 385 Fed.Appx. 59, **4 (3d Cir. 2010); Fegans v. U.S., 506 F.3d 1101 (8th Cir. 2007).

Since the federal judge in Simms' case did not specifically

---

Cir. 2000)(discussing circuit split).

order that Simms' sentence would run concurrently to his subsequently imposed state sentence, Simms' federal sentence is presumed to have been imposed to run consecutive to the state sentence. Therefore, the Bureau of Prisons did not err in failing to take custody of Simms before he served his state sentence and in refusing to designate the state prison for service of Simms' federal sentence nunc pro tunc.

This ground for habeas relief is meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Simms' habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE