RECEIVED
OCT 17 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **LEONARD E. SIMMS** | **CIVIL ACTION NO. 09-1665** |
| -vs- | **JUDGE DRELL** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING AND ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), the Magistrate Judge's Report and Recommendations (R&R) that the petition be denied, (Doc. 32), and Petitioner's objections to the R&R, (Doc. 36). After an independent review of the record, including the R&R and Petitioner's filings and objections, we ADOPT the Report and Recommendations, (Doc. 32), with the following modifications:

We agree entirely with the Magistrate Judge as to why § 2241 or other habeas relief would not here be appropriate. Petitioner is not being held illegally but according to a valid judgment, under a sentence not greater than the statutory maximum for his crimes imposed by a court with valid jurisdiction. Likewise, there is no indication the Bureau of Prisons has abused its discretion in handling Petitioner's requests for administrative remedies. However, we disagree that Petitioner therefore has no grounds for relief.

In particular, Plaintiff has demonstrated a possible discord between the oral sentence announced by the court at his sentencing and that sentence memorialized in

the resulting judgment. At the time of his federal sentencing, Petitioner faced state charges for separate crimes he had committed. Regarding whether his sentences for those crimes should run consecutively or concurrently with his federal sentence, the U.S. District Judge announced:

> I think I'm going to leave it to the judge presiding in those [state] cases as to whether this sentence will run concurrent with or consecutive to those charges. . . . I will impose my sentence without comment whether it's concurrent or consecutive.

(Doc. 25-1, p. 3). The written judgment of sentence, meanwhile, says nothing about the upcoming state court proceedings and the sentencing judge's order or statement of intent that the result of those proceedings be adopted by the federal sentencing judgment. (Doc. 25-1, pp. 4-5).[1] [In our view, this discord may serve as the basis of a motion under Rule 36 of the Federal Rules of Criminal Procedure to correct the written judgment effecting Petitioner's sentence to conform to the oral sentence pronounced by the District Judge. See, e.g., *U.S. v. Castro*, 2011 WL 2412902 at *1 (S.D. Tex. 2011) (quoting *U.S. v. Bennett*, 423 F.3d 271 [5th Cir. 2005] ["Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."]).]

As additional reasoning, we are confused by the subsequent pronouncements of the District Court as to this discord and its intent. On the one hand, in a document emphasized by the government, the sentencing judge wrote a letter to Petitioner in 2005, in which he said, after quoting from the sentencing transcript, he:

---

[1] Subsequently, the state sentencing judge ordered Petitioner's state sentences to run concurrently with each other, and declared they should run concurrently with his federal sentence. (Doc. 23-3, p. 4).

> could have chosen to run your federal sentences concurrent with your Kentucky sentences but I did not do so. Among other factors, I considered your extensive criminal history and the seriousness of the pending charges in electing not to make your federal sentence concurrent with the yet to be imposed state sentences.

(Doc. 23-3, p. 27). The discrepancy between this reasoning and the actual oral pronouncements at the sentencing are not addressed. On the other hand, in a subsequent order considering this discrepancy, the court wrote that:

> Defendant is not in federal custody, so the Bureau of Prisons has deemed his federal sentence has not commenced – and it will not commence until Defendant has completed his state sentence. The problem is: this outcome is contrary to the intent of both the undersigned and the state judge. The undersigned decreed that the ultimate decision regarding how the sentences would run should be left to the state judge, and the state judge decreed that they run concurrently.
> While the judgment is final, there should still be some means by which the judges' intent can be effectuated. One possibility is to acknowledge the Judgment and Commitment Order does not accurately state the undersigned's intent and amend the document *nunc pro tunc* to accurately reflect the Court's oral directives.

As stated above, if the sentencing court finds that the judgment as written does not "accurately reflect the Court's oral directives," then it would seem that a Rule 36 motion could be an appropriate remedy to correct this discrepancy. Either way, the call is not ours to make.

We have carefully reviewed the record before us as to this issue. Included in that record is evidence from multiple proceedings which have been held before the original federal sentencing court in the Western District of Missouri, including (pre-federal confinement) motions to amend Petitioner's sentence. The Court denied these motions, claiming it "lack[ed] jurisdiction to change the sentence in the manner Defendant

seeks," . . . the issue Defendant raises is related to the execution of his sentence, not the sentence itself," and is "therefore . . . not a matter that may be appropriately addressed by the sentencing court." (Doc. 23-3, p. 33). While we do not have all of the documents from those proceedings, to our understanding, the possibility of a Rule 36 correction has heretofore never been considered by that court, and it may only be considered by the court which imposed the original sentence.[2]

---

[2] The government's response in that proceeding contained a brief discussion of *nunc pro tunc* corrections generally, (Doc. 23-2, pp. 36-37), which the District Court did not acknowledged in its ruling. (Doc. 23-3, p. 33). The government response also discussed what it called the Court's "substantive decision not to recommend that the federal sentence run concurrently." It described this decision as "considered and deliberate." We are puzzled by this characterization, and we address it to clarify, or at least draw attention to a disagreement about, the record of the oral transcript, which demonstrates the opposite of what the government claims. The explanation of this difference, we think, lies in the fact that the government's interpretation relies heavily on the court's 2005 letter discussed above, in which the decision was indeed portrayed as considered and deliberate. However, this is precisely the type of *nunc pro tunc* post-hoc re-interpretation of the past that the cases cited by the government's motion preclude, as it rewrites the original record of the history to make it correspond with the court's later, alleged resoluteness. See *Kusay v. U.S.*, 62 F.3d 192, 193 (7th Cir. 1995) (J. Easterbrook) (condemning such ex-post modifications in the *nunc pro tunc* context). Whatever the District Court's oral announcement was, it was not a "considered and deliberate" decision that Defendant should receive a consecutive sentence.

This oral announcement, however, can be interpreted in different ways. On the one hand, the District Judge said he would enter Defendant's sentence "without comment whether it's concurrent or consecutive," (Doc. 25-1, p. 3), and the judgment contains no comment, so there is no discrepancy. On the other hand, "without comment whether it's concurrent or consecutive," can mean just what it says, that the judge would not order or suggest the sentence be concurrent or consecutive, one way or the other. Then, entering an item "without comment" as to his own command is not inconsistent with decreeing, to use the judge's own description of his action in his 2006 order, the choice be left to another judge, and that judge's decision, if not already binding, be followed.

We stress the judge's "without comment" is only "not inconsistent" with including this additional information, and it is susceptible, on its own, to the interpretation given it by the government. However, when the District Judge expressly announces, in the sentencing immediately preceding, his decision to apply this additional information, then that announcement is not wiped away by the inclusion of the "without comment," his oral order includes that announcement, and the transcript should reflect it. To declare otherwise is to aggrandize "without comment" much more than it warrants.

Regardless, as said, in our view the government in that motion was incorrect, and the discrepancy between the written judgment's silence as to the upcoming state court proceedings and what was orally announced by the District Court could reflect a clerical error in which "the court's records do not accurately reflect its actions." *Kusay*, 62 F.3d at 193. However, we stop at opining that the government was incorrect, at "could", and that the District Court, if it wishes, has the jurisdiction and power to correct this "error." We cannot and do not go further, to declare it an error (or not). That determination lay solely within the sound discretion and jurisdiction of the sentencing court.

Moreover, Defendant's petition does partly relate to the execution of his sentence under 28 U.S.C. § 2241; as to that part we adopt the denial of the R&R. However, part of Defendant's petition relates to the sentence itself. In the claim discussed here, Petitioner complains not about his confinement or captor, but about his sentencing, and specifically an alleged transcription error that occurred when his orally pronounced sentence was reduced to writing. This claim thus sounds in 28 U.S.C. § 2255, and, like Rule 36 relief (which the sentencing court can still alternatively grant *sua sponte* in place of the § 2255 petition if it wishes) it can only be addressed by the court which imposed Defendant's sentence.

For that reason, we adopt the Report and Recommendations here that § 2241 relief is not appropriate. However, we also ORDER that this case be transferred back to the sentencing court, the Western District of Missouri, for determination of the § 2255 issue, possible Rule 36 alternative relief if it finds a discrepancy between its oral announcement and the written memorial thereof, or, obviously, whatever further proceedings that court may find appropriate.

Accordingly:

IT IS ORDERED that the Magistrate Judge's Report and Recommendations, (Doc. 32), are ADOPTED, with the above modifications;

IT IS FURTHER ORDERED that Petitioner's writ of habeas corpus under § 2241 is DENIED;

IT IS FURTHER ORDERED that this case be transferred to the United States District Court for the Western District of Missouri in Kansas City, Missouri, for further proceedings; and

finally,

IT IS ORDERED that a copy of this ruling be sent to the chambers of the Hon. Ortrie D. Smith.[3]

SIGNED on this 14 day of October, 2011, at Alexandria, Louisiana

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[3] For clarity, with this step we do not mean to interfere with that court's case management system. Rather, we are aware of the volume of petitions facially similar to this one that a District Court receives. We bring this one to the court's attention because it is not usual; it contains an arguably legally sound ground for relief and a not incredible reason why the facts of Petitioner's case may entitle him to it. Whether the facts are as Petitioner claims, whether the written record currently fails to correspond to the events it chronicled as they were announced and occurred, can only be determined by Petitioner's (federal) sentencing court.

Regardless, for the record, we understand the contact information of that court to be as follows:
Chambers of Ortrie D. Smith, District Judge
United States District Court, Western District of Missouri
400 E. 9th Street, Room 8552
Kansas City, Missouri 64106
Tel: 816-512-5645; Fax: 816-512-5658